IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE



| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 07-22-JJF |
| STEVEN KELLAM, | : |
| Defendant. | : |

 **SEALED** UNSEALED
1/15/08 KK

## DEFENDANT'S MOTION TO SUPPRESS
## PHYSICAL EVIDENCE

Defendant, Steven Kellam, by and through his undersigned counsel, Edson A. Bostic, hereby
moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth
Amendments of the United States Constitution, for an Order suppressing the Government's use of
any and all evidence illegally seized by law enforcement officials on or about February 6, 2007.

In support of this motion, Mr. Kellam avers as follows:[1]

1. On February 5, 2007, federal investigators received information from a case informant
that Mr. Kellam was preparing to make a trip to purchase cocaine. Based on this information, the
investigators initiated surveillance of Mr. Kellam at the Delaware State Probation and Parole Office
in Dover, Delaware.

2. Surveillance units followed Mr. Kellam, who was traveling in a black Mitsubishi, from

---

[1] The facts contained in paragraphs 1-8 of this motion were taken from the arresting
officer's Report of Investigation and discovery. Although Mr. Kellam cites these facts in his
motion, he does not concede that the events transpired as stated by the arresting officer. Mr.
Kellam submits that an evidentiary hearing is needed to further develop the facts, which are
determinative of this motion.

Dover to Bridgeville, Delaware.[2]  Mr. Kellam then traveled to the Georgetown Apartments in Georgetown, Delaware, where he picked up Antawn Crawford and later returned to his home.

3. Surveillance units subsequently followed Mr. Kellam, Mr. Crawford and the unidentified individual to the Dover Mall, where they picked up Terrence Johnson. Surveillance units followed the Mitsubishi as it traveled along Delaware Route 1, US-13, the Delaware Memorial Bridge, the New Jersey Turnpike and the George Washington Bridge.

4. Surveillance units observed the car enter the Bronx and park near 178th Street for approximately two hours. According to the investigators, this area was identified by the case informant as the location where Mr. Kellam would allegedly purchase cocaine. The discovery does not report any observations which indicate that a drug purchase occurred at this location.

5. Surveillance units followed the Mitsubishi back to a rest stop on the New Jersey Turnpike and observed three occupants exit the vehicle and enter the food court. Shortly thereafter, the vehicle continued on the New Jersey Turnpike and traveled at or slightly above the speed limit, and almost always used its turn signals when changing lanes. The car also made a second stop at a rest area before crossing the Delaware Memorial Bridge.

6. At some point in time, the investigators checked the DELJIS system and discovered that Mr. Kellam and Dwayne Coverdale, the vehicle's driver, were level three probationers, and that there was an outstanding warrant for Mr. Coverdale.

7. Based on the case informant's statements and surveillance activity, the Delaware River and Bay Authority stopped the Mitsubishi and arrested Mr. Kellam, Mr. Coverdale, Mr. Johnson and

---

[2]  According to the discovery, a second individual was in the vehicle. This individual's identity, however, was redacted.

2

Mr. Crawford.

8. After arresting Mr. Kellam and two of the other occupants of the car, law enforcement officers drove the car away from the scene. The car was later searched and approximately 300 grams of a white, powdery substance was recovered from the vehicle's overhead light compartment. The substance field tested positive for the presence of cocaine.

9. On February 15, 2007, Mr. Kellam was indicted for knowingly possessing cocaine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

10. The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." See U.S. CONST. Amend. IV. An investigatory stop requires that the police have reasonable suspicion based on articulable facts that a crime has been committed. United States v. Coker, No. 05-4056, 2007 WL 931107 (3d Cir. Mar. 29, 2007).

11. The arrest of a suspect, however, requires that the police have probable cause to do so, which is a more stringent standard. Id. at *2. An arrest is lawful if, at the time, the police had probable cause. Beck v. Ohio, 379 U.S. 89, 91 (1964) (stating that probable cause for arrest depends "upon, whether at the moment arrest was made . . . the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense.").

12. Where the "initial impetus for an arrest is an informer's tip, information gathered by the arresting officers can be used to sustain a finding of probable cause for an arrest that could not be adequately supported by the tip alone. But the additional information acquired by the arresting officers must in some sense be corroborative of the informer's tip that the arrestees committed the

3

felony or . . . were in the process of committing the felony."  Whiteley v. Warden, Wyo State Penitentiary, 401 U.S. 560 (1971); see also Taylor v. Alabama, 457 U.S. 687 (1982) (rejecting police reliance on an uncorroborated tip as basis for probable cause for arrest).

13.  In this case, law enforcement officials lacked probable cause to arrest Mr. Kellam.  As noted in the discovery, the "traffic stop," and Mr. Kellam's immediate arrest, were based on the case informant's information and the officers' surveillance.  The officers, however, have offered no evidence to support their reliance on, or the trustworthiness of, the case informant's information.  Moreover, the officers' surveillance did not indicate that any illegal activity occurred to sufficiently corroborate the case informant's tip.  The officers, therefore, "effectuated an investigatory arrest without probable cause, based on uncorroborated informant's tip," and Mr. Kellam's illegal arrest warrants the suppression of the physical evidence under the fruit of the poisonous tree doctrine, as expressed in Wong Sun v. United States, 371 U.S. 471 (1963) and its progeny.

14.  Law enforcement officials also stated that they performed a "traffic stop" of the vehicle because the car had heavily tinted windows, and because Mr. Coverdale, the driver of the vehicle, had an outstanding warrant.  Mr. Kellam contends that this "traffic stop" was, in essence, an investigatory arrest that lacked probable cause.

15.  If the arrestee is an occupant of an automobile at the time of arrest, the arresting officer may make a search of the passenger compartment of the automobile, including any containers therein.  New York v. Belton, 453 U.S. 454 (1981).  The passenger compartment has been interpreted to mean those areas reachable without exiting the vehicle and without dismantling door panels or other parts of the car.  United States v. Boston, No.Civ.A.SA04CR0459XR, 2005 WL 354037, at *4 (W.D. Tex. Jan. 25,2005).

4

16. Here, the officers searched inside of the vehicle's overhead light and discovered 300 grams of a white-powdery substance that field tested positive for the presence of cocaine. This search exceeded the scope of the passenger compartment because it involved dismantling a part of the vehicle to locate evidence. The physical evidence that was obtained as the result of this illegal search and seizure should be suppressed pursuant to Wong Sun.

17. Mr. Kellam reserves the right to file a Memorandum of Law in support of his Motion to Suppress Physical Evidence[3] after the completion of a hearing in this matter.

---

[3]The Defendant is uncertain whether the Government has amassed and produced all the discovery materials in this matter. As such, Defendant reserves the right to supplement the instant motion and/or file other appropriate motions, if additional discovery is received.

**WHEREFORE**, Mr. Kellam respectfully submits that this Court conduct a hearing to further develop the facts related to this motion and enter an Order suppressing the Government's use of any and all physical evidence illegally seized by law enforcement officials on or about February 6, 2007.

Respectfully Submitted,

/s/ _____

EDSON A. BOSTIC
Federal Public Defender

TIEFFA N. HARPER
Research & Writing Attorney

Attorneys for Steven Kellam

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF DELAWARE
ONE CUSTOMS HOUSE
704 KING STREET, SUITE 110
WILMINGTON, DE   19801
(302) 573-6010

Dated: April 20, 2007

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that the attached motion of Defendant, Steven Kellam is

available for public viewing and downloading and was electronically delivered on April 20, 2007

to:

Edmond Falgowoski, Esq.
Assistant United States Attorney
1007 Orange Street, Suite 700
Wilmington, DE   19801

Respectfully Submitted,

/s/
EDSON A. BOSTIC
Federal Public Defender

TIEFFA N. HARPER
Research & Writing Attorney

Attorneys for Steven Kellam

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF DELAWARE
ONE CUSTOMS HOUSE
704 KING STREET, SUITE 110
WILMINGTON, DE   19801
(302) 573-6010

Dated: April 20, 2007

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-22-JJF |
| | : | |
| STEVEN KELLAM, | : | |
| | : | |
| Defendant. | : | |

#### ORDER

**AND NOW**, this _____ day of _____, 2007, upon consideration of the Defendant's Motion to Suppress Physical Evidence, and the Government's response thereto, it is hereby ORDERED that the Motion is GRANTED.

All physical evidence seized by the Delaware River and Bay Authority or other law enforcement officials on or about February 6, 2007 is hereby **SUPPRESSED**. Such physical evidence shall be inadmissible, for any purpose, by the Government.

**BY THE COURT:**

_____

Honorable Joseph J. Farnan, Jr.
United States District Court Judge