IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE



| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 07-22-JJF |
| STEVEN KELLAM, | : |
| Defendant. | : SEALED UNSEALED 1/15/08 |

### DEFENDANT'S MOTION TO PRECLUDE
### ADMISSION OF TAPE RECORDINGS

Defendant, Steven Kellam ("Mr. Kellam"), by and through his undersigned counsel, Edson A. Bostic, hereby moves this Court for an Order precluding the admission of tape recordings and accompanying transcripts obtained in the matter.

In support of this motion, Mr. Kellam avers as follows:

1. On February 5, 2007, federal investigators received information from a case informant that Mr. Kellam was preparing to make a trip to purchase cocaine. Based on this information, the investigators initiated surveillance of Mr. Kellam at the Delaware State Probation and Parole Office in Dover, Delaware.

2. Surveillance units followed Mr. Kellam, who was traveling in a black Mitsubishi, from Dover to Bridgeville, Delaware.[1] Mr. Kellam then traveled to the Georgetown Apartments in Georgetown, Delaware, where he picked up Antawn Crawford and later returned to his home.

---

[1] According to the discovery, a second individual was in the vehicle. This individual's identity, however, was redacted.

3. Surveillance units subsequently followed Mr. Kellam, Mr. Crawford and the unidentified individual to the Dover Mall, where they picked up Terrence Johnson. Surveillance units followed the Mitsubishi as it traveled along Delaware Route 1, US-13, the Delaware Memorial Bridge, the New Jersey Turnpike and the George Washington Bridge. According to the investigators, the car frequently traveled at high rates of speed and rarely used turn signals.

4. Surveillance units observed the car enter the Bronx and park near 178th Street for approximately two hours. According to the investigators, this area was identified by the case informant as the location where Mr. Kellam would allegedly purchase cocaine. The discovery does not report any observations which indicate that a drug purchase occurred at this location.

5. Surveillance units followed the Mitsubishi back to a rest stop on the New Jersey Turnpike and observed three occupants exit the vehicle and enter the food court. Shortly thereafter, the vehicle continued on the New Jersey Turnpike and traveled at or slightly above the speed limit, and almost always used its turn signals when changing lanes. The car also made a second stop at a rest area before crossing the Delaware Memorial Bridge.

6. At some point in time, the investigators checked the DELJIS system and discovered that Mr. Kellam and Dwayne Coverdale, the vehicle's driver, were level three probationers, and that there was an outstanding warrant for Mr. Coverdale.

7. Based on the case informant's statements and surveillance activity, the Delaware River and Bay Authority stopped the Mitsubishi and arrested Mr. Kellam, Mr. Coverdale, Mr. Johnson and Mr. Crawford.

8. After arresting Mr. Kellam and two of the other occupants of the car, law enforcement officers drove the car away from the scene. The car was later searched and approximately 300 grams of a white, powdery substance was recovered from the vehicle's overhead light compartment. The

substance field tested positive for the presence of cocaine.

9. On February 15, 2007, Mr. Kellam was indicted for knowingly possessing cocaine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

10. During a prior investigation of Mr. Kellam, DEA agents intercepted numerous telephone conversations between October 12, 2006 and October 26, 2006. Mr. Kellam allegedly made inculpatory remarks during these telephone conversations.

11. Mr. Kellam anticipates that the Government will seek to admit these taped telephone conversations and accompanying transcripts. Mr. Kellam submits that the Government has not provided a proper foundation for the authenticity and accuracy of these taped conversations and transcripts to justify admissibility at trial.

12. Rule 901 of the Federal Rules of Evidence requires the authentication or identification of evidence, including telephone conversations, as a condition precedent to admissibility. See Fed.R.Evid. 901(b)(6). In United States v. Starks, 515 F.2d 112 (3d Cir. 1975), the Third Circuit Court of Appeals stated that the burden is on the Government "to produce clear and convincing evidence of authenticity and accuracy as a foundation for the admission of such recordings . . . ." Id. at 121 (stating that tape recordings are not as readily identifiable as the original version).

13. In recognizing that tape recordings are susceptible to alteration, tampering and selective evidence, the Third Circuit identified several factors that provide a foundation for the admission of a sound recording:

    1. That the recording device was capable of taking the conversation now offered in evidence;

    2. That the operator of the device was competent to operate the device;

    3. That the recording is authentic and correct;

3

    4. That changes, additions or deletions have not been made in the recording;

    5. That the recording has been preserved in a manner that shown to the court;

    6. That the speakers are identified; and

    7. That the conversation elicited was made voluntarily and in good faith, without any kind of inducement.

Id. at 121, n. 11, quoting United States v. McKeever, 169 F.Supp. 426, 430 (S.D.N.Y. 1958). If a "colorable attack is made as to a tape's authenticity and accuracy, the burden on those issues shifts to the party offering the tape, and the better rule requires that party to prove its chain of custody." Stark, 515 F.2d at 122.

    14. Although the Government has provided copies of the taped telephone conversations, it has not demonstrated the authenticity and accuracy of these recordings sufficient to provide a foundation for admission at trial. Accordingly, the taped telephone conversations and any corresponding transcripts must be excluded.

**WHEREFORE,** Mr. Kellam respectfully submits that this Court enter an Order precluding admission of tape recordings and corresponding transcripts obtained by law enforcement officials between October 12, 2006 and October 26, 2006.

Respectfully Submitted,

/s/
EDSON A. BOSTIC
Federal Public Defender

TIEFFA N. HARPER
Research & Writing Attorney

Attorneys for Steven Kellam

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF DELAWARE
ONE CUSTOMS HOUSE
704 KING STREET, SUITE 110
WILMINGTON, DE  19801
(302) 573-6010

Dated: April 20, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 07-22-JJF |
| STEVEN KELLAM, | : |
| Defendant. | : |

## ORDER

**AND NOW**, this ____ day of _____, 2007, upon consideration of the Defendant's Motion to Preclude Admission of Tape Recordings and Transcripts, and the Government's response thereto, it is hereby ORDERED that the Motion is **GRANTED.**

All tape recordings and transcripts obtained by law enforcement officials between October 12, 2006 and October 26, 2006, are hereby **PRECLUDED.**

BY THE COURT:

_____
Honorable Joseph J. Farnan, Jr.
United States District Court Judge

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that the attached motion of Defendant, Steven Kellam is available for public viewing and downloading and was electronically delivered on April 20, 2007 to:

Edmond Falgowoski, Esq.
Assistant United States Attorney
1007 Orange Street, Suite 700
Wilmington, DE  19801

Respectfully Submitted,

/s/
EDSON A. BOSTIC
Federal Public Defender

TIEFFA N. HARPER
Research & Writing Attorney

Attorneys for Steven Kellam

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF DELAWARE
ONE CUSTOMS HOUSE
704 KING STREET, SUITE 110
WILMINGTON, DE  19801
(302) 573-6010

Dated: April 20, 2007