IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 07-22-JJF |
| ) | |
| ) | **FILED UNDER SEAL** |
| STEVEN KELLAM, ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR EXCLUSION OF TIME PURSUANT TO THE SPEEDY TRIAL ACT

NOW COMES the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Christopher J. Burke and Ilana H. Eisenstein, Assistant United States Attorneys for the District of Delaware, and hereby submits the following:

1.  On February 15, 2007, the defendant was indicted and charged with one count of possession with intent to distribute cocaine, a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

2.  On February 20, 2007, the defendant was arraigned on the above-referenced charge. At that hearing, the defendant, through counsel, requested additional time to file pre-trial motions. As a result of the defendant's request, United States Magistrate Judge Mary Pat Thynge ordered that the deadline for pre-trial motions was extended to April 20, 2007, and that the time between the arraignment and April 20, 2007 be excluded under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*. (D. I. 9).

3.  As of April 20, 2007, no motions had been filed in this case. Therefore, on April 25, 2007, this Court entered an order setting a scheduling conference for May 16, 2007. The order

stated that time between April 25, 2007 and May 16, 2007 would be excluded under the Speedy Trial Act in the interests of justice (D. I. 11).

4. On April 27, 2007, the defendant filed a Motion to Suppress Physical Evidence and Statements. The government submitted a pre-hearing response to that motion on July 6, 2007 and a hearing on the motion was held on July 11, 2007. After the Suppression Hearing, the parties each submitted lengthy post-hearing briefs. The government filed its post-hearing brief on August 20, 2007 and the defendant submitted his post-hearing brief on August 21, 2007.

5. Section 3161(h)(1)(F) of the Speedy Trial Act states that any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excluded from the Act's 70-day time limit in which a criminal trial must commence. The Supreme Court has held that this subsection of the Act excludes any time after such a hearing is held, until the date when all post-hearing briefs have been submitted. *United States v. Felton*, 811 F.2d 190, 195 (3d Cir. 1987) (citing *Henderson v. United States*, 476 U.S. 321 (1986)). Therefore, the period of time between the defendant's filing of the Motion to Suppress on April 27, 2007 and August 21, 2007 – the date on which post-hearing briefing on the suppression issue was completed – is excluded under the Act.

6. In addition, pursuant to Section 3161(h)(1)(J) of the Act, the thirty-day time period between August 21, 2007 and September 20, 2007, during which the suppression proceeding was under advisement by the Court, is also excluded from the Act's 70-day time limit.

7. As of the date of this motion, the Court has not yet made a legal determination regarding the suppression issues. The government submits that the arguments raised by the parties regarding these issues – both at the Suppression Hearing and in the parties' numerous pre-

and post-hearing briefs – are sufficiently detailed and numerous that they require additional time for resolution by the Court, beyond the thirty-day window provided by Section 3161(h)(1)(J), which should also be excluded from the Act's 70-day time limit. The government further submits that the failure to grant a continuance excluding this time would result in a miscarriage of justice, in that it would deprive the Court of the time it needs to properly consider and resolve the suppression issues in this case – issues that are significant to the overall outcome of the prosecution. Therefore, the government moves that the Court exclude the time between the date of its order on this motion and the date upon which it issues a ruling on the Motion to Suppress. The governments submits that, pursuant to Section 3161(h)(8) of the Act and Local Criminal Rule 10(e)(10), for the reasons set forth in this paragraph, the ends of justice served by granting such a continuance outweigh the best interests of the public and the defendant in a speedy trial.

WHEREFORE, the government respectfully requests that the Court grant this Motion for Exclusion of Time Pursuant to the Speedy Trial Act. A proposed Order is attached.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: *Christopher J. Burke*
Christopher J. Burke
Ilana H. Eisenstein
Assistant United States Attorneys
Nemours Building, Suite 700
1007 Orange Street
P.O. Box 2046
Wilmington, DE 19899-2046
302-573-6277, x142

Dated: October 30, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,	)<br>)<br>Plaintiff,	)<br>)<br>v.	)<br>)<br>)<br>)<br>STEVEN KELLAM,	)<br>)<br>Defendant.	) | Criminal Action No. 07-22-JJF<br><br>**FILED UNDER SEAL** |

## CERTIFICATE OF SERVICE

I, Christopher J. Burke, Assistant United States Attorney for the District of Delaware, hereby certify that on the 30th day of October 2007, I caused to be filed an **Motion for Exclusion of Time Pursuant to the Speedy Trial Act** with the Clerk of the Court. I further certify that a copy of the foregoing was sent via U.S. mail to counsel of record as follows:

Edson Bostic, Esq.
Office of the Federal Public Defender
First Federal Plaza
704 King Street, Suite 110
Wilmington, DE 19801

*Christopher J. Burke*
Christopher J. Burke
Assistant United States Attorney