# Federal Public Defender
## District of Delaware

EDSON A. BOSTIC
FEDERAL PUBLIC DEFENDER

one customs House
704 King Street, suite 110
Wilmington, Delaware 19801
(302) 573-6010 (telephone)
(302) 573-6041 (Fax)

ELENI KOUSOULIS
LUIS A. ORTIZ
KEIR BRADFORD
ASSISTANT FEDERAL PUBLIC DEFENDERS

TIEFFA N. HARPER
DANIEL I. SIEGEL
RESEARCH & WRITING ATTORNEYS

May 30, 2008

Honorable Joseph J. Farnan, Jr.
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, DE   19801

    **Re:**    *United States v. Steven Kellam*
           **Criminal Action No.: 07-22-JJF**
           <u>**Our File No.: 2007-00116**</u>

Dear Judge Farnan:

    Enclosed please find the proposed Plea Agreement in the above-captioned matter. The Plea Agreement is pursuant to Rule 11(c)(1)(C) and the parties agree that a sentence of time served should be imposed on the defendant, should the Court accept the Plea Agreement. Based upon this, it is the intent of defense counsel, without objection from the government, to request that the Court waive need for the Presentence Report and immediately impose sentence on the defendant.

                      Respectfully submitted,

                      */s/ Edson A. Bostic*
                      **EDSON A. BOSTIC**
                      Federal Public Defender

EAB/lmo

Encl.

cc: Ilana Eisenstein, Assistant United States Attorney
    Steven Kellam, Defendant

PDF created with pdfFactory Pro trial version www.pdffactory.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 07-22-JJF |
| | ) |
| STEVEN KELLAM | ) |
| Defendant. | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Ilana H. Eisenstein, Assistant United States Attorney for the District of Delaware, and the defendant, Steven Kellam, by and through his attorney, Edson A. Bostic, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count I of the Indictment. Count I of the Indictment charges him with possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), which has a maximum penalty of twenty years imprisonment, a fine of $1,000,000, lifetime supervised release with a minimum of three years of supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offense to which he is pleading guilty: (1) the defendant possessed a substance; (2) the substance was cocaine; (3) the defendant acted knowingly; and (4) the defendant acted with the intent that the substance would be distributed to one or more other persons.

3. The parties agree as follows:

    a. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the sentence imposed on Defendant shall be a sentence of time served.

   b. There is no agreement as to the term of supervised release to which Defendant may be sentenced, and the parties agree that the Court may sentence the defendant to a term of supervised release of no less than three years. The defendant understands and acknowledges that a violation of any condition of supervised release may result in Defendant being imprisoned for an additional period of incarceration.

   c. Defendant shall pay a special assessment of $100 at or before sentencing.

 4. The Court may accept or reject this agreement. If the Court rejects this agreement, it shall afford Defendant the opportunity to withdraw the plea of guilty and advise Defendant that if the plea is not withdrawn, the sentence may be greater than the sentence provided for in this agreement.

 5. Defendant agrees that by pleading guilty, he is waiving all rights to appeal or to collaterally attack his conviction and sentence except the right to appeal the legality of the sentence, a violation of the plea agreement, or a defect in the change of plea proceedings.

\\\

6.  It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY<br>United States Attorney

_____  By:_____
Edson A. Bostic, Esquire             Ilana H. Eisenstein
Attorney for Defendant               Assistant United States Attorney


_____
Steven Kellam
Defendant

Dated:


**AND NOW**, this _____ day of _____, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.


_____
HONORABLE JOSEPH J. FARNAN, JR.
United States District Judge

3