*Filed in open Court this 3rd day of June 2008*

*JJF*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 07-22-JJF |
| | ) | |
| STEVEN KELLAM | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Ilana H. Eisenstein, Assistant United States Attorney for the District of Delaware, and the defendant, Steven Kellam, by and through his attorney, Edson A. Bostic, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count I of the Indictment. Count I of the Indictment charges him with possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), which has a maximum penalty of twenty years imprisonment, a fine of $1,000,000, lifetime supervised release with a minimum of three years of supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offense to which he is pleading guilty: (1) the defendant possessed a substance; (2) the substance was cocaine; (3) the defendant acted knowingly; and (4) the defendant acted with the intent that the substance would be distributed to one or more other persons.

3. The parties agree as follows:

   a. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the sentence imposed on Defendant shall be a sentence of time served.

    b. There is no agreement as to the term of supervised release to which Defendant may be sentenced, and the parties agree that the Court may sentence the defendant to a term of supervised release of no less than three years. The defendant understands and acknowledges that a violation of any condition of supervised release may result in Defendant being imprisoned for an additional period of incarceration.

    c. Defendant shall pay a special assessment of $100 at or before sentencing.

  4. The Court may accept or reject this agreement. If the Court rejects this agreement, it shall afford Defendant the opportunity to withdraw the plea of guilty and advise Defendant that if the plea is not withdrawn, the sentence may be greater than the sentence provided for in this agreement.

  5. Defendant agrees that by pleading guilty, he is waiving all rights to appeal or to collaterally attack his conviction and sentence except the right to appeal the legality of the sentence, a violation of the plea agreement, or a defect in the change of plea proceedings.

\\\

6.  It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

_____
Edson A. Bostic, Esquire
Attorney for Defendant

_____
Steven Kellam
Defendant

Dated: June 3, 2008

COLM F. CONNOLLY
United States Attorney

By: _____
Ilana H. Eisenstein
Assistant United States Attorney

**AND NOW**, this \_\_3\_\_ day of \_\_\_June\_\_\_, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE JOSEPH J. FARNAN, JR.
United States District Judge

3